IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| STEPHANIE LOOTEN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-04121-NKL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pursuant to Mo. Rev. Stat. § 537.095, the parties have asked the Court to approve their settlement agreement in this wrongful death suit [Doc. 24]. For the following reasons, the settlement is approved.

**I.      Background**

Plaintiffs Stephanie and Jon Looten, the surviving parents of Jasmine Looten, brought this suit pursuant to Mo. Rev. Stat. § 537.080 and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, *et seq*, alleging wrongful death stemming from Jasmine Looten's stillbirth delivery.

In their Complaint, the Plaintiffs alleged that Jasmine Looten was delivered stillborn on January 14, 2011 due to negligent pre-natal care provided by Dr. Lorraine Dodson, M.D. and Dr. Brandi Nichols, M.D., both employees of the Community Health Center of Central Missouri, a federally-supported medical facility. Dr. Dodson and Dr. Nichols were thus employees of

1

Defendant United States of America at the time of Jasmine's death. *See* 42 U.S.C. § 233(g)(1)(A).

Thereafter, the parties agreed to settle the case. This motion for approval of the wrongful death settlement followed.

**II.     Discussion**

The parties ask the Court to approve a final settlement of $50,000.00 to be paid by the United States. Of that total, $12,500.00, or 25%, will be distributed to Hanrahan & Nacy, P.C. as attorneys' fees. The Plaintiffs have agreed to equally share the remaining $37,500.00 in settlement proceeds, of which they will pay Hanrahan & Nacy $1,985.01 in litigation expenses.

As such, the parties ask the Court to approve their settlement and distribute the settlement funds as follows: $17.757.50 to Stephanie Looten, $17.757.49 to Jon Looten, and $14,485.01 to Hanrahan & Nacy in attorneys' fees and expenses.

Pursuant to Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080, the Court must resolve four questions before granting judgment: whether (1) the Plaintiffs attempted to notify all parties having a cause of action arising from Jasmine Looten's death, (2) the proposed settlement is properly apportioned, (3) the attorneys' fees provided in the proposed settlement are proper, and (4) the parties' proposal for distributing the settlement proceeds complies with the statutory requirement.

**A. Notice**

As a prerequisite to approval, any settlement under the Missouri wrongful death statute must demonstrate "a diligent attempt to provide notice to all parties having a cause of action." *Snead by Snead v. Cordes by Golding*, 811 S.W.2d 391, 395 (Mo. Ct. App. 1991) (*citing* Mo.

2

Rev. Stat. § 537.095.1). A party has a cause of action if he is "the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive." Mo. Rev. Stat. § 537.080.1(1).

The Plaintiffs have submitted affidavits stating that they are the natural parents of Jasmine Looten, that "Jasmine Looten did not have any children that preceded her in death or who have died between January 14, 2011 and today's date," and that, therefore, "the [P]laintiffs are the sole members of the class of persons entitled to recover damages pursuant to Mo. Rev. Stat. § 537.080." [Doc. 24-1, p. 1, Doc. 24-2, p. 1].

Having reviewed these affidavits, the Court concludes that no other parties have a cause of action arising out of Jasmine Looten's death. Therefore, the Plaintiffs have satisfied the statutory notice requirement.

### B. Apportionment

In a wrongful death action, the trial court has discretion in apportioning settlement proceeds. Mo. Rev. Stat. § 537.095.3. *See also Keene v. Wilson Refuse, Inc.*, 788 S.W.2d 324, 326 (Mo. Ct. App. 1990) ("The legislature chose to place the duty and responsibility of apportionment of losses in a wrongful death case squarely within the determination of the trial court.").

The Plaintiffs have agreed to split evenly the settlement proceeds, and the Court sees no reason to disturb that arrangement.

### C. Attorneys' Fees

Section 537.095.4(2) provides that a court "shall order the claimant . . . [t]o deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as

3

contracted." Missouri courts read this language to foreclose any judicial discretion when awarding attorneys' fees: if plaintiffs and counsel have signed a fee agreement, a court cannot modify this contract when approving the wrongful death settlement. *Keene*, 788 S.W.2d at 327 ("[T]he clear language of the statute does not authorize an award of attorney's fees as the court deems fair and equitable.") (internal quotations omitted). As such, when considering a request for attorneys' fees in this situation, a court is tasked only to establish that such a contract exists, and if one does, the court must order payment per its terms. *Haynes v. Bohon*, 878 S.W.2d 902, 905 (Mo. Ct. App. 1994).

The parties carry the burden of providing evidence of a fee arrangement contract. *Id*. In support of the Plaintiffs' contingency fee agreement with Hanrahan & Nacy, the parties have submitted a copy of their agreement. [Doc. 25]. The agreement states that "[counsel's] fee will be twenty (20) percent of the gross recovery if had at the administrative-claim level, and twenty-five (25) percent of the gross recovery if had thereafter in court." *Id.* at 3.

The Court has reviewed these terms and determines that, consistent with the parties' settlement request, Plaintiffs' counsel is entitled 25% of the settlement figure. The Court further determines that a payment of $1,985.01 in litigation expenses is appropriate.

### D. Distribution

By the terms of Section 537.095, a court, in approving a wrongful death settlement, must order the claimant as follows: "(1) To collect and receipt for the payment of the judgment; (2) To deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted . . . (3) To acknowledge satisfaction in whole or in part for the judgment and costs; (4) To distribute the net proceeds as ordered by the court; and (5) To report and account therefor

4

to the court." This process must be strictly followed. *Parr v. Parr*, 16 S.W.3d 332, 338-39 (Mo. banc 2000) (modifying the trial court's judgment to conform with Section 537.095's procedures).

The Court will accordingly follow Section 537.095's framework in ordering distribution of the parties' settlement. For the purpose of this proceeding, Stephanie Looten shall serve as the claimant. Stephanie Looten shall collect the $50,000.00 settlement from the United States. From these proceeds, Stephanie Looten shall distribute $12,500.00 (attorneys' fees) and $1,985.01 (expenses) to Plaintiffs' counsel, pursuant to the contingency fee agreement signed by the Plaintiffs and their counsel, and acknowledge satisfaction for the judgment and costs.

From the remaining proceeds, Stephanie Looten shall distribute $17,757.49 to Jon Looten.

### III. Conclusion

For the foregoing reasons, the parties' wrongful death settlement is approved. Defendant United States shall pay Plaintiff Stephanie Looten the settlement sum of $50,000.00. Stephanie Looten shall then distribute this settlement fund as follows: $14,485.01 to Plaintiffs' counsel and $17,757.49 to Plaintiff Jon Looten. Upon making these payments, Stephanie Looten shall file written receipts with the Court demonstrating compliance with this order.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: January 27, 2016
Jefferson City, Missouri

5